UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 11-30617 |
| GORDON K. VELLA | ) | S.S. # xxx-xx-9916 |
| Debtor. | ) | Chapter 13 |

## MOTION FOR RELIEF OF STAY AND ABANDONMENT OF PROPERTY

Edgewater Bank, ("Edgewater"), by counsel, respectfully requests this Court enter an order granting Edgewater relief from the automatic stay, and ordering the abandonment of certain property, and in support of such Motion, shows the Court as follows:

1. On March 3, 2011, Gordon K. Vella ("Debtor") filed a Bankruptcy Petition under Chapter 13 of the United States Bankruptcy Code.

2. The jurisdiction of this proceeding is invoked pursuant to 28 U.S.C. §151 and 1334.

3. On or about December 20, 2006, Gordon K. Vella and Suzanne M. Frahm-Vella (collectively the "Vellas") executed and delivered to Edgewater a promissory note in the original principal amount of $935,000.00.

4. In order to secure payment of the Note and the other obligations contained in the Note, the Vellas executed and delivered to Edgewater on December 20, 2006, a mortgage with respect to real estate with the common street address of 10319 N. 400 E., LaPorte, IN 46350 (the "Real Estate").

5. The validity and amount of the Note and Mortgage were established by the Judgment and Decree of Foreclosure entered by the LaPorte Superior Court on December 22, 2010, (the "Judgment"), a copy of which is attached hereto and made a part of this Motion as Exhibit "A". A sheriff sale of the Real Estate was scheduled for March 4, 2011.

5. As of December 22, 2010 the total amount owing on the Judgment was $1,009,230.65, together with accrued interest after November 8, 2010 to the date of judgment at the

rate of $181.75 per diem, together with interest after the date of judgment at the rate of 8% per annum.

  6.  Prior to the entry of the Judgment, the Debtor had failed to make the mortgage payment due for November 1, 2009 or any month thereafter and was in default in an amount in excess of $100,000.00

  7  Debtor's Schedule D values the Real Estate at $750,000.00.  In addition to Edgewater's Judgment in excess of $1,000,000 there is also a second mortgage on the Real Estate to Charles Frahm which Debtor lists in the amount of $735,000.00. Debtor has no equity in the Real Estate which is subject to Edgewater's security interest.

  8  The Real Estate is burdensome and of an inconsequential value to the estate and therefore should be abandoned pursuant to §554 of the Bankruptcy Code.

  9.  Edgewater's interest in the Real Estate is not adequately protected. Interest continues to accrue on Edgewater's Judgment and additional sums continue to accrue for real estate taxes and insurance.

  10.  Edgewater requests that the effectiveness of any order granting this motion not be stayed pursuant to Fed. R. Bankr. P. 4001(a)(3).

WHEREFORE, Edgewater prays this Court enter its order granting the following relief:

  1.  Vacating the automatic stay of §362(a) of the Bankruptcy Code as it pertains to Edgewater and the Real Estate and permitting Edgewater to obtain or retain possession of and deal with the Real Estate as if this bankruptcy case had not been commenced;

  2.  Directing the Trustee to abandon the Real Estate pursuant to §554 of the Bankruptcy Code;

  3.  Waiving the 14 day stay imposed by Rule 4001(a)(3) and,

4.      Providing Edgewater such other relief as is just and proper.

                                    /s/ Rebecca H. Fischer
                                    Rebecca Hoyt Fischer     #10537-72
                                    Laderer & Fischer, P.C.
                                    112 West Jefferson Blvd., Suite 310
                                    South Bend, Indiana 46601

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2011, a true and correct copy of the foregoing Motion for Relief of Stay and Abandonment of Property  has been served upon the following by electronic mail or upon the following:

Janice Shei                                              Debra L. Miller
janiceshei@gmail.com                       Dmecf@trustee13.com

U.S. Trustee
USTPRegion10.SO.ECF@usdoj.gov

and by regular first class postage mail upon the following:

Gordon K. Vella
10319 N. 400 E.
La Porte, IN 46350


                                    /s/ Rebecca H. Fischer
                                    Rebecca Hoyt Fischer

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAPORTE SUPERIOR COURT |
| | )SS: | |
| LAPORTE COUNTY | ) | CAUSE NO. 46D03-0910-MF-85 |

EDGEWATER BANK,

    Plaintiff,

v.

GORDON K. VELLA,
SUZANNE M. FRAHM-VELLA
CHARLES FRAHM, and SCHENK
LIGHTNING ROD, LLC,

    Defendants.

*FILED IN OPEN COURT DEC 22 2010 — LA PORTE SUPERIOR COURT NO. 3*

## JUDGMENT AND DECREE OF FORECLOSURE

Comes now the Plaintiff, Edgewater Bank, ("Edgewater"), by counsel, pursuant to due notice to all of the parties herein on Edgewater's motion for summary judgment, and it appearing to the Court that the defendants are properly before the Court by service of process pursuant to Trial Rule 4, Indiana Rules of Procedure, in that the summons' and returns endorsed thereon show that the summons' were served by sheriff or certified return receipt mail and that service has matured a sufficient time to place the defendants in default. And the Court having considered said motion for summary judgment, together with pleadings, affidavits, and exhibits on file, and being duly advised in the premises, now finds as follows:

    1.    That the defendant, Gordon K. Vella, is indebted to Edgewater in the amount of $1,009,230.65 which includes principal, accrued interest, Edgewater's cost of collection, including reasonable attorney fees and the costs of this action, plus interest accruing after November 8, 2010 at the rate of $181.75 per diem.

2.      That Edgewater is entitled to have its mortgage as set forth in the Complaint herein foreclosed as against the defendants herein.

3.      That Edgewater's lien is superior to all other liens and claims with respect to the real estate described as follows:

PARCEL I

A parcel of land in the West ½ of Section 11, Township 38 North, Range 2 West, LaPorte County, Indiana, more particularly described as follows: Commencing at a cast iron monument marking the Southwest corner of said Section 11; thence North 00°44'38" East (bearing measured by Global Positioning Systems and based on the World Geographic System of 1984) along the West line of said Section 11, a distance of 2,044.90 feet to an iron bar at the point of beginning; thence North 00°44'38" East along the West line of said Section 11, a distance of 50.00 feet to an iron bar on the South line of property described in Deed Record #93-13057; thence South 89°49'30" East along said South line, a distance of 1,325.99 feet to an iron bar; thence South 00°42'28" West, a distance of 909.49 feet to an iron bar; thence South 88°56'04" West, a distance of 663.58 feet to an iron bar; thence North 00°44'38" East, a distance of 753.86 feet to an iron bar; thence North 25°56'04" West, a distance of 133.63 feet to an iron bar; thence North 89°49'30" West, a distance of 603.28 feet to the point of beginning, containing 14.80 acres, more or less.

PARCEL II

A parcel of land in the West ½ of Section 11, Township 38 North, Range 2 West, LaPorte County, Indiana, more particularly described as follows: Commencing at a cast iron monument marking the Southwest corner of Section 11; thence North 00°44'38" East (bearing measured by Global Positioning System and based on the World Geographic System of 1984) along the West line of Section 11, a distance of 1156.66 feet to an iron bar at the point of beginning; thence North 00°44'38" East along said West line a distance of 888.23 feet to an iron bar; thence South 89°49'30" East, a distance of 603.28 feet to an iron bar; thence South 25°56'04" East, a distance of 133.63 feet to an iron bar; thence South 00°44'38" West, a distance of 753.86 feet to an iron bar; thence South 88°56'04" West, a distance of 663.58 feet to the point of beginning, containing 13.33 acres, more or less.

with common street address of 10319 N. 400 E., LaPorte, IN 46350 (the "Real Estate").

IT IS THEREFORE ORDERED, ADJUDGED and DECREED:

1.      That Edgewater's motion for summary judgment is hereby granted.

2.      That Edgewater be, and is given judgment against the defendant, Gordon K. Vella , in the amount of $1,009,230.65 together with accrued interest after November 8, 2010 to the date of judgment at the rate of $181.75 per diem, together with accrued interest after the date of judgment at the post judgment rate of 8% per annum plus advances by Edgewater of real estate taxes, assessments, insurance premiums, maintenance costs and all other advances which

Edgewater pays to preserve the Real Estate and Edgewater's interest and rights incurred from the date of the filing of the complaint in this action, to the date of sheriff's sale, plus court costs, all without relief from valuation or appraisement laws.

3. That Edgewater's mortgage is hereby foreclosed and the equity of redemption of the defendants herein and all persons claiming under and through them, is hereby foreclosed.

4. That Edgewater's lien is superior to all other liens and claims.

5. That the sale of the Real Estate shall be subject to the lien of the Treasurer of LaPorte County, Indiana, if any.

6. That the Real Estate shall be sold by the sheriff of this county to satisfy the amount found to be due Edgewater as soon as said sale can be had under the laws of this jurisdiction governing sale of the mortgaged property, a proper deed or deeds be issued according to law to the purchaser or purchasers at such sale or sales; that Edgewater be and hereby is empowered to bid for the said mortgaged property or any part thereof, with the indebtedness due Edgewater, and said indebtedness to be credited to the amount paid by Edgewater.

7. That the proceeds of such sale of shall be applied as follows:

    a. First, to the costs of this action;

    b. Second, to the payment of the amount due the Treasurer of LaPorte County, Indiana, with respect to real estate taxes, if any which are due and owing and for which the due date has passed as of the date of the sheriff's sale;

    c. Third, to the payment of the amount due Edgewater herein on its judgment;

    d. Fourth, to the Clerk of the Court to be subject to the claims of defendants

and any other party as they may subsequently be proven.

8. That at such time as plaintiff may request, the Sheriff of this county shall evict any person or persons occupying the premises herein foreclosed and deliver possession thereof to the purchaser.

_____
Judge, LaPorte Superior Court